Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
(516) 260-7080

United States District Court
Southern District of New York                    1:20-cv-09012

Hawa Kamara, individually and on behalf of
all others similarly situated,

                                    Plaintiff,


                - against -                       Class Action Complaint


Pepperidge Farm, Incorporated,

                                    Defendant

        Plaintiff by attorneys allege upon information and belief, except for allegations pertaining

to plaintiff, which are based on personal knowledge:

        1.      Pepperidge Farm, Incorporated  ("defendant") manufactures, distributes, markets,

labels and sells crackers purported to be made only with butter as a shortening ingredient under its

Pepperidge Farm brand ("Product").

        2.      The Product is available to consumers from retail and online stores of third-parties

and is sold in sizes including boxes of 9.75 OZ and the crackers are prominently and exclusively

identified and described as "Golden Butter – Crackers [lower left corner]" and "distinctively

delicious crackers."



3.    Consumers prefer butter to chemically produced "vegetable" oils when baking for reasons including taste, health and avoidance of highly processed artificial substitutes for butter.

4.    Butter costs more than vegetable oil alternatives, like soybean, palm or canola oil.

5.    Where a food is labeled "Butter _____" or uses the word "butter" in conjunction with its name, reasonable consumers will expect all of its shortening ingredient to be

butter.[1]

6.      The representations as "All Butter Loaf Cake" are misleading because butter is not the sole shortening ingredient in the Product, as shown by the small print of the ingredient list.



**MADE FROM:** ENRICHED WHEAT FLOUR (FLOUR, NIACIN, REDUCED IRON, THIAMINE MONONITRATE, RIBOFLAVIN, FOLIC ACID), BUTTER (MILK), VEGETABLE OILS (CANOLA, SUNFLOWER AND/OR SOYBEAN), SUGAR, INVERT SYRUP, CONTAINS 2% OR LESS OF: SALT, MALTED BARLEY FLOUR, BAKING SODA, MONOCALCIUM PHOSPHATE

7.      Though the Product contains butter, it also contains vegetable oils, as shortening ingredients.

8.      Defendant's branding and packaging of the Product is designed to – and does – deceive, mislead, and defraud plaintiff and consumers.

9.      Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers like

---

[1] Compliance Policy Guide ("CPG"), Sec 505.200, "Butter" Featured in Product Name, Center for Food Safety and Applied Nutrition, Office of Regulatory Affairs, March 1988 ("If the product contains both butter and shortening but a sufficient amount of butter to give a characteristic butter flavor to the product, an appropriate name would be 'butter flavored _____'… if the product contains any artificial butter flavor it would have to be labeled in compliance with 21 CFR 101.22(i)(2).").

plaintiff.

10.     The value of the Product that plaintiff purchased and consumed was materially less than its value as represented by defendant.

11.     Had plaintiff and class members known the truth, they would not have bought the Product or would have paid less for them.

12.     As a result of the false and misleading labeling, the Product is an sold at a premium price, approximately no less than $2.64 for 9.75 OZ, excluding tax, compared to other similar products represented in a non-misleading way, and higher than the price of the Product if it were represented in a non-misleading way.

<u>Jurisdiction and Venue</u>

13.     Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2)

14.     Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

15.     Plaintiff Hawa Kamara is a citizen of New York.

16.     Defendant Pepperidge Farm, Incorporated, is a Connecticut corporation with a principal place of business in Norwalk, Fairfield County, Connecticut and is a citizen of Connecticut.

17.     "Minimal diversity" exists because plaintiff Hawa Kamara and defendant are citizens of different states.

18.     Upon information and belief, sales of the Product in New York exceed $5 million per year, exclusive of interest and costs.

19.    Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claim occurred in this District, *viz*, the decision of plaintiff to purchase the Product and the misleading representations and/or their recognition as such.

20.    This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

Parties

21.    Plaintiff Hawa Kamara is a citizen of Bronx, Bronx County, New York.

22.    Defendant Pepperidge Farm, Incorporated is a Connecticut corporation with a principal place of business in Norwalk, Connecticut, Fairfield County and is a citizen of Connecticut.

23.    During the relevant statutes of limitations, plaintiff purchased the Product within her district and/or State for personal and household consumption and/or use in reliance on the representations of the Product.

24.    Plaintiff Hawa Kamara purchased the Product on one or more occasions, during the relevant period, including 2019 and 2020, at stores including but not necessarily limited to, Target, 112 W 34th St, New York, NY 10120, and among other times, purchased the Product between June and October 2020.

25.    Plaintiff bought the Product at or exceeding the above-referenced price because she liked the product for its intended use, and expected it to contain only butter as a shortening ingredient due to the product name and description prominently displayed on the front label.

26.    Plaintiff was deceived by and relied upon the Product's deceptive labeling.

27.    Plaintiff would not have purchased the Product in the absence of Defendant's misrepresentations and omissions.

28.    The Product was worth less than what Plaintiff paid for it and she would not have

paid as much absent Defendant's false and misleading statements and omissions.

29.     Plaintiff intends to, seeks to, and will purchase the Product again when she can do so with the assurance that Product's labels are consistent with the Product's components.

<u>Class Allegations</u>

30.     The class will consist of all purchasers of the Product who reside in New York during the applicable statutes of limitations.

31.     Plaintiff will seek class-wide injunctive relief based on Rule 23(b) in addition to monetary relief class.

32.     Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

33.     Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

34.     Plaintiff is an adequate representatives because her interests do not conflict with other members.

35.     No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

36.     Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

37.     Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

38.     Plaintiff seeks class-wide injunctive relief because the practices continue.

New York General Business Law ("GBL"), §§ 349 & 350
(Consumer Protection Statutes)

39.    Plaintiff incorporates by reference all preceding paragraphs.

40.    Plaintiff and class members desired to purchase and consume products which were as described and marketed by defendant and expected by reasonable consumers, given the product type.

41.    Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

42.    Defendant misrepresented the substantive, quality, compositional and/or environmental attributes of the Product.

43.    Plaintiff relied on the statements, omissions and representations of defendant, and defendant knew or should have known the falsity of same.

44.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Negligent Misrepresentation

45.    Plaintiff incorporates by reference all preceding paragraphs.

46.    Defendant misrepresented the substantive, quality, compositional and/or environmental attributes of the Product.

47.    Defendant had a duty to disclose and/or provide non-deceptive marketing of the Product and knew or should have known same were false or misleading.

48.    This duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/or sale of the product type.

49.    The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

50.     Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Product.

51.     Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Breaches of Express Warranty, Implied Warranty of Merchantability and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*</u>

52.     Plaintiff incorporates by reference all preceding paragraphs.

53.     The Product was manufactured, labeled and sold by defendant or at its express directions and instructions, and warranted to plaintiff and class members that they possessed substantive, quality, compositional and/or environmental which they did not.

54.     Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

55.     This duty is based, in part, on defendant's position as one of the most recognized companies in the nation in this sector.

56.     Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

57.     Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers to its main office over the past several years regarding the Product and issues described here.

58.     The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable.

59.     Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Fraud

60.    Plaintiff incorporates by reference all preceding paragraphs.

61.    Defendant misrepresented the substantive, quality, compositional and/or environmental attributes of the Product.

62.    Defendant's fraudulent intent is evinced by its failure to accurately identify the Product on the front label and ingredient list, when it knew its statements were neither true nor accurate and misled consumers.

63.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Unjust Enrichment

64.    Plaintiff incorporates by reference all preceding paragraphs.

65.    Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

  **WHEREFORE**, Plaintiff prays for judgment:

1.  Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2.  Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3.  Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the

applicable laws;

4. Awarding monetary damages and interest pursuant to the common law and other statutory

   claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and

   experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   October 28, 2020

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
_____
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 260-7080
Fax: (516) 234-7800
*spencer@spencersheehan.com*
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

1:20-cv-09012
United States District Court
Southern District of New York

Hawa Kamara, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

Pepperidge Farm, Incorporated,

Defendant

## Class Action Complaint

```
Sheehan & Associates, P.C.
 60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
   Tel: (516) 260-7080
   Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  October 28, 2020

/s/ Spencer Sheehan
Spencer Sheehan