**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Hawa Kamara, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 1:20-cv-09012-PKC |
| v. | |
| Pepperidge Farm, Incorporated, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ............................................................................................................. 1
II. FACTUAL AND PROCEDURAL BACKGROUND ....................................................... 3
   A. The "Golden Butter" Cracker Product .................................................................. 3
   B. Plaintiff's Allegations ............................................................................................ 5
III. THE FAC SHOULD BE DISMISSED WITH PREJUDICE ........................................... 5
   A. Legal Standard For Motion To Dismiss ................................................................ 5
   B. Plaintiff Has Not Plausibly Alleged That The Product Name "Golden Butter" Crackers Is Deceptive .............................................................................. 7
   C. Plaintiff's Tag-Along Claims Are Not Well Pleaded .......................................... 10
      1. The FAC Does Not State A Claim For Negligent Misrepresentation ...... 10
      2. The FAC Does Not State A Claim For Breach Of Implied Warranty ...... 11
      3. The FAC Does Not State A Claim For Breach Of MMWA ..................... 11
      4. The FAC Does Not State A Claim For Fraud ........................................... 12
      5. The FAC Does Not State A Claim For Unjust Enrichment ...................... 12
   D. Plaintiff Lacks Standing To Sue For Injunctive Relief ....................................... 12
   E. The FAC Should Be Dismissed With Prejudice ................................................. 13
IV. CONCLUSION ................................................................................................................ 13

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)......................................................................................................5, 6

*Axon v. Citrus World, Inc.*,
    354 F. Supp. 3d 170 (E.D.N.Y. 2018) ...................................................................................10

*Barreto v. Westbrae Nat., Inc.*,
    -- F. Supp. 3d --, 2021 WL 76331 (S.D.N.Y. Jan. 7, 2021)............................................. *passim*

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).........................................................................................................6

*Berni v. Barilla S.p.A.*,
    964 F.3d 141 (2d Cir. 2020)............................................................................................12

*Bowling v. Johnson & Johnson*,
    65 F. Supp. 3d 371 (S.D.N.Y. 2014)................................................................................11

*Bowring v. Sapporo U.S.A. Inc.*,
    234 F. Supp. 3d 386 (E.D.N.Y. 2017) ..............................................................................12

*Brumfield v. Trader Joe's Co.*,
    2018 WL 4168956 (S.D.N.Y. Aug. 30, 2018)..................................................................11

*Campaniello Imps. Ltd. v. Saporiti Italia S.p.A.*,
    117 F.3d 655 (2d Cir. 1997)............................................................................................12

*Caronia v. Phillip Morris USA, Inc.*,
    715 F.3d 417 (2d Cir. 2013)............................................................................................11

*Cosgrove v. Or. Chai, Inc.*,
    -- F. Supp. 3d --, 2021 WL 706227 (S.D.N.Y. Feb. 21, 2021) ......................................9, 11, 12

*Dashnau v. Unilever Mfg. (US), Inc.*,
    2021 WL 1163716 (S.D.N.Y. Mar. 26, 2021) ...................................................................9

*Davis v. Hain Celestial Grp., Inc.*,
    297 F. Supp. 3d 327 (E.D.N.Y. 2018) ..............................................................................10

*Ebin v. Kangadis Food Inc.*,
    2013 WL 6504547 (S.D.N.Y. Dec. 11, 2013) ..................................................................11

*Fink v. Time Warner Cable*,
  714 F.3d 739 (2d Cir. 2013)..................................................................................................7

*Fitzgerald v. Polar Corp.*,
  2020 WL 6586628 (D. Mass. Nov. 10, 2020) .......................................................................6

*In re Frito-Lay N. Am. Inc. All Nat. Litig.*,
  2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013)......................................................................12

*Harris v. Mondelēz Global LLC*,
  2020 WL 4336390 (E.D.N.Y. July 28, 2020)........................................................................9

*Hesse v. Godiva Chocolatier, Inc.*,
  463 F. Supp. 3d 453 (S.D.N.Y. 2020).................................................................................13

*Jessani v. Monini N. Am., Inc.*,
   744 F. App'x 18 (2d Cir. 2018) ............................................................................................6

*Kimmell v. Schaefer*,
  89 N.Y.2d 257 (1996) ..........................................................................................................10

*Manchouck v. Mondelēz Int'l Inc.*,
  2013 WL 5400285 (N.D. Cal. Sept. 26, 2013) .....................................................................9

*Mandarin Trading Ltd. v. Wildenstein*,
  16 N.Y.3d 173 (2011) ..........................................................................................................10

*Pichardo v. Only What You Need, Inc.*,
  2020 WL 6323775 (S.D.N.Y. Oct. 27, 2020).................................................................2, 5, 9

*Reyes v. Crystal Farms Refrigerated Distrib. Co.*,
  2019 WL 3409883 (E.D.N.Y. July 26, 2019)............................................................8, 10, 12

*Sarr v. BEF Foods, Inc.*,
  2020 WL 729883 (E.D.N.Y. Feb. 13, 2020)..............................................................6, 7, 8, 9

*Schwartzco Enters. LLC v. TMH Mgmt., LLC*,
  60 F. Supp. 3d 331 (E.D.N.Y. 2014) ..................................................................................12

*Shields v. Citytrust Bancorp, Inc.*,
  25 F.3d 1124 (2d Cir. 1994).................................................................................................12

*Steele v. Wegmans Food Mkts, Inc.*,
  472 F. Supp. 3d 47 (S.D.N.Y. 2020)................................................................................9, 10

*Twohig v. Shop-Rite Supermarkets, Inc.*,
  2021 WL 518021 (S.D.N.Y. Feb. 11, 2021).........................................................................9

*Varela v. Walmart, Inc.*
    No. 2:20-cv-0448-GW-KS (C.D. Cal. May 25, 2021) ................................................................ 9

*Weinstein v. eBay, Inc.*,
    819 F. Supp. 2d 219 (S.D.N.Y. 2011) ..................................................................................... 6

*Weisblum v. Prophase Labs. Inc.*,
    88 F. Supp. 3d 283 (S.D.N.Y. 2015) .................................................................................. 6, 12

*Workman v. Plum Inc.*,
    141 F. Supp. 3d 1032 (N.D. Cal. 2015) .................................................................................. 9

*Wynn et al. v. Topco Assocs., LLC*,
    2021 WL 168541 (S.D.N.Y. Jan. 19, 2021) ............................................................................ 9

**Statutes**

15 U.S.C. § 2301 ............................................................................................................................ 11

New York's General Business Law § 349 ................................................................................. 6, 8

New York's General Business Law § 350 ................................................................................. 6, 8

**Regulations and Rules**

21 C.F.R. § 101.4 ............................................................................................................................ 4

Fed. R. Civ. P. 9 ............................................................................................................................ 12

Fed. R. Civ. P. 12 ............................................................................................................................ 5

**I.      INTRODUCTION**

Defendant Pepperidge Farm, Incorporated ("Pepperidge Farm") manufactures "Golden Butter Crackers." A butter cracker is a *type* of cracker. The name quickly and conveniently identifies that fact for consumers and distinguishes the product from the many other types of cracker products on grocery store shelves. At absolute best for plaintiff, the product's name may suggest that it contains butter, and any such suggestion would be 100% accurate. Indeed, butter is the second most predominant ingredient after flour and is the sole shortening ingredient in the product. But the name of the product is *not* an ingredient list, and most certainly not a complete ingredient list. Nor is the product name somehow an ingredient



exclusion list. And even if the product name was somehow loosely associated with the ingredients, the product name says *nothing* about oil at all – and certainly does not deny that oil is present in the product. There is nothing about the product name itself that would make a reasonable consumer assume that there is no oil in the product.

Nevertheless, plaintiff Hawa Kamara's first amended complaint ("FAC") alleges that the product name "Golden Butter Crackers" is somehow deceptive. Plaintiff's theory is not that the product contains no butter (it does), or that butter is not the predominant shortening ingredient (it

is), or that the label expressly disclaims the presence of oil (it doesn't), or that the ingredient list is wrong (it is right). Instead, plaintiff makes the strained argument that because the product's name includes the word "Butter," a consumer would believe that "wherever butter could be used in the Product, it would be used instead of . . . vegetable oils." According to plaintiff, the product must not contain any other ingredient, in any amount, for any purpose that butter could serve. Having set up that absurd straw man, plaintiff then alleges that the ingredient list on the product label declares vegetable oil in addition to butter and, therefore, she is a victim of deception. That's right, plaintiff discovered the supposed fraud because *defendant* clearly and accurately declared the very ingredient (vegetable oil) on the very product label that she now claims to have been fooled by.

Plaintiff's theory of deception is implausible, and the evolution of that theory contradicts what plaintiff herself originally argued a "reasonable consumer" would believe in the original complaint. The original complaint alleged that when plaintiff read the name "Golden Butter Crackers," it caused her to believe that butter was the only ingredient used *as a shortening* in the crackers when, allegedly, vegetable oil also served *as a shortening* ingredient. However, as part of the pre-motion proceedings on the initial complaint, plaintiff became aware that butter is, in fact, the *only* ingredient used as shortening in the product (directly contradicting her conclusory allegations in the initial complaint). Plaintiff's pivot in the FAC to her new, attenuated deception theory—that whenever and wherever butter *can* be used in the product, it *must* be used in the product to the exclusion of oil—is best described as her finding some theory (*any* theory) to allege. But that's not how this all works, and this new theory contradicts common sense and fails this Circuit's pleading standards. The product label is not and does not purport to be an ingredient list, and it contains no express or implied message about the ingredient composition of

the crackers or the exclusion of oil. A reasonable consumer would not conclude otherwise. And to the extent a reasonable consumer wanted to know if the product contained oil, the consumer would need only to consult the ingredient list —which accurately lists vegetable oils as the third-most predominant ingredient, after flour and butter.

For the same reasons, the FAC's tag-along ancillary claims should be dismissed along with the GBL claims. Besides resting on the same implausible theory of deception as the false advertising claim, these secondary causes of action suffer their own flaws. For instance, the amended complaint makes no effort to plead its fraud claim with the requisite particularity. There are next to no allegations specific to Pepperidge Farm's cracker products, let alone the company's intent to deceive. And the assorted warranty and negligent misrepresentation claims are also all inappropriate for these reasons.

As plaintiff has already had an opportunity to amend her complaint in response to defendant's arguments (*see* ECF Nos. 18, 19), it is clear the FAC's defects are incurable. The Court should dismiss the entire FAC with prejudice.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     The "Golden Butter" Cracker Product

Defendant Pepperidge Farm, Incorporated ("Pepperidge Farm") manufactures and markets Golden Butter Crackers. Butter crackers are a kind of cracker (FAC at ¶ 2[1]), so the name of the product, first and foremost, serves the purpose of helping consumers to identify what cracker they are purchasing. In addition to the product's name, the label also includes an

---

[1] See also https://www.epicurious.com/expert-advice/best-butter-crackers-you-can-buy-at-the-store-taste-test-article (article discussing several butter crackers).

ingredient list, which declares all ingredients contained in the product, in accordance with federal law:

> MADE FROM: ENRICHED WHEAT FLOUR (FLOUR, NIACIN, REDUCED IRON, THIAMINE MONONITRATE, RIBOFLAVIN, FOLIC ACID), BUTTER (MILK), VEGETABLE OILS (CANOLA, SUNFLOWER AND/OR SOYBEAN), SUGAR, INVERT SYRUP, CONTAINS 2% OR LESS OF: SALT, MALTED BARLEY FLOUR, BAKING SODA, MONOCALCIUM PHOSPHATE.

FAC at ¶ 11. As indicated by the ingredient list, butter is the *second* most predominant ingredient in the product, after enriched wheat flour.[2] The ingredient list also clearly identifies that Golden Butter Crackers contains other ingredients, including vegetable oil, which is listed immediately after butter and, therefore, is present in a lower quantity than butter (because ingredients are listed in order of predominance, 21 C.F.R. § 101.4(a)). Significantly, as Pepperidge Farm informed plaintiff's counsel after being served with the complaint, the vegetable oil used in the product is refined, bleached, and deodorized ("RBD"), meaning that it does not add any odor or taste (butter or otherwise) to the crackers, and is used exclusively in the product as a *post*-bake application (spray) to provide crispness and texture to the crackers. *See* ECF No. 18 at 2.

---

[2] While it is not clear what plaintiff means in ¶ 3 of the FAC when she alleges that "'butter cracker' does not mean 'a cracker made with butter' but a cracker which is all or predominantly made with butter" (that seems impossible as a matter of food physics), in the only way that the allegation makes sense, plaintiff got exactly what she expected: a cracker where butter is the second most predominant ingredient, second only to flour. Plaintiff appears to recognize this, when she seemingly switches up her own theory by saying that butter simply must be used for every possible function that butter can be used for. *Id*. at ¶ 4. That fantastical extension of her fascination with the word butter in the product name is factually bankrupt and legally insufficient for the reasons stated in the text.

B.      **Plaintiff's Allegations**

In her initial complaint, plaintiff Hawa Kamara alleged that she purchased Golden Butter Crackers because the name caused her to believe that butter was the only ingredient used *as a shortening* in the crackers. ECF No. 1 at ¶¶ 5, 6, 8, 25.[3] She further alleged that because vegetable oil was listed on the ingredient list, then it just had to be that both butter and vegetable oil were being used as shortening and, therefore, calling the product "Golden Butter Crackers" was deceptive. *Id*. at ¶¶ 5, 7, 8. The theory of deception in the initial complaint was implausible, but even that theory (derived from the name "Golden Butter Crackers") does not go as far as the new theory in the FAC (based on the exact same name).

After learning that the primary tenet of her complaint was flatly wrong—butter *is*, in fact, the *only* ingredient used as a shortening in the crackers—the FAC asserts that *now* plaintiff was deceived because butter could be used for the post-bake spray instead of oil, and, therefore, butter *must* be used for that purpose as well. FAC at ¶ 4. If not, defendant is deceiving consumers. Plaintiff purportedly gets all this solely from the name "Golden Butter Crackers." *Id*. at ¶¶ 1, 4, 5, 11-18, 42. This new, evolved, and even more strained theory of deception fails the plausibility test.

III.    **THE FAC SHOULD BE DISMISSED WITH PREJUDICE**

A.      **Legal Standard For Motion To Dismiss**

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility" only

---

[3] Shortening is used in the baking process to make baked goods tender and flakey. *See generally* https://www.bobsredmill.com/blog/baking-101/what-is-shortening/

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Courts insist on "'specificity in pleading' . . . to avoid the potentially enormous expense of discovery in cases with 'no reasonably founded hope'" of success. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007) (citations omitted). Evaluating a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the well-pleaded facts do not permit the court "to infer more than the mere possibility of misconduct," the complaint fails to show "that the pleader is entitled to relief." *Id*. (citation omitted).

To state a claim for violation of General Business Law §§ 349 and 350, "a plaintiff must allege [i] that the defendant . . . engaged in consumer-oriented conduct; [ii] that the conduct was materially misleading; and [iii] that the plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Weisblum v. Prophase Labs. Inc*., 88 F. Supp. 3d 283, 292 (S.D.N.Y. 2015). The GBL requires that "the challenged act must be 'inherently deceptive.'" *Barreto v. Westbrae Nat., Inc.*, -- F. Supp. 3d --, 2021 WL 76331, at *5 (S.D.N.Y. Jan. 7, 2021). "[P]laintiffs must do more than plausibly allege that a 'label might conceivably be misunderstood by some few consumers.'" *Sarr v. BEF Foods, Inc*., 2020 WL 729883, at *3 (E.D.N.Y. Feb. 13, 2020) (quoting *Jessani v. Monini N. Am., Inc*., 744 F. App'x 18, 19 (2d Cir. 2018)). Consumer protection statutes such as the GBL "depend[] on the likely reaction of a reasonable consumer rather than an ignoramus." *Fitzgerald v. Polar Corp*., 2020 WL 6586628, at *5 (D. Mass. Nov. 10, 2020) (dismissing complaint that soft drinks "made from real ginger" label suggested health benefits); *Weinstein v. eBay, Inc.*, 819 F. Supp. 2d 219, 228 (S.D.N.Y. 2011) (a "reasonable consumer" test is not a standard based on the "least sophisticated

6

consumer."). The Court may determine—on the pleadings and as a matter of law—that a product's label would not have misled a reasonable consumer. *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013).

### B. Plaintiff Has Not Plausibly Alleged That The Product Name "Golden Butter" Crackers Is Deceptive

The FAC fails to state a plausible claim because reasonable consumers are not deceived when vegetable oil is an ingredient—one declared right in the ingredient list, no less—in a product named "Golden Butter Crackers." This case, like the many other "butter" cases in plaintiff's counsel's prolific portfolio,[4] should be dismissed because there is no deception when a product has butter in its name (to denote the type of product), actually contains butter (indeed, as the second most predominate ingredient), and also contains oil (to a lesser extent than butter) and expressly declares the oil's presence in the ingredient list. Such a product is *consistent* with the actual representations.

A similar case brought by plaintiff's counsel, *Sarr*, 2020 WL 729883, is instructive on this point. In *Sarr*, the front label made the marketing claim that mashed potatoes were "made with real butter." *Id.* at *1. There, as here, plaintiff's counsel argued that the challenged mashed potato product was deceptively labeled when, in addition to containing real butter, the product also contained vegetable oil. 2020 WL 729883, at *4-5. The *Sarr* court dismissed claims as implausible. *Id.* In a ruling directly applicable and dispositive, the court held that defendant's true statement that the mashed potatoes contained "real butter" was not likely to mislead a reasonable consumer because "it is not plausible that a reasonable consumer would likely

---

[4] Plaintiff's counsel has filed over 175 false advertising cases over the past several years, at least nine of which have challenged "butter" advertising statements.

7

interpret the 'real butter' representation to imply that the Mashed Potatoes did not also contain additional fats." *Id*. at *4.

Similarly, in an almost identical case, also brought by plaintiff's counsel, *Reyes v. Crystal Farms Refrigerated Distrib. Co*., 2019 WL 3409883 (E.D.N.Y. July 26, 2019), the court dismissed claims that packaged mashed potatoes were deceptively labeled "Made with Real Butter" because they contained not only butter but also margarine—the presence of which the ingredient list disclosed. 2019 WL 3409883, at *3. In *Reyes*, the court's deception analysis began and ended with the truth: "The statement 'made with real butter' does not violate NY GBL §§ 349 and 350 because it is not misleading. Defendant's mashed potatoes contain butter." *Id*. Judge Garaufis then noted that there was no allegation that the product contained more margarine than butter, and, "in fact, butter precedes margarine on the ingredients list on the back of Defendant's mashed-potatoes packaging, suggesting that the mashed potatoes contain more butter than margarine." *Id*.

This case fits squarely within the reasoning of *Sarr* and *Reyes*. The product does, in fact, contain butter and, as in *Sarr* and *Reyes*, butter precedes vegetable oil on the ingredient list in order of predominance. *See* FAC ¶ 11. The product name, "Golden Butter Crackers" is intended to inform the consumer what the product is—a butter cracker (FAC at ¶ 2; n.1, *supra*)—and could not plausibly deceive a reasonable consumer into thinking that "*wherever* butter *could* be used in the Product, it *would* be used instead of using its synthetic substitutes, vegetable oils" (FAC ¶ 4 (emphasis added)). There is no rule or common understanding that butter crackers may not have oil as an ingredient, and plenty of butter cracker recipes include oil.[5]

---

[5] See, e.g., https://www.epicurious.com/recipes/food/views/butter-crackers-51124400 and https://www.yummly.com/recipe/Homemade-Butter-Crackers-2731873

What's more, the ingredient list on the product label would dispel any potential consumer confusion by expressly informing consumers of the exact ingredients in the product, including vegetable oil. So, even if "Golden Butter Crackers" is somehow ambiguous as to whether butter is the only fat ingredient (it's not), all the information that a consumer needs to know about the product ingredients is contained on the ingredient list.[6] *See Varela v. Walmart, Inc.* No. 2:20-cv-0448-GW-KS (C.D. Cal. May 25, 2021), at ECF No. 61 at p. 15 (skincare product labeled as "vitamin E skin oil" where product contains a mixture of oils [*i.e.*, soybean, coconut, and lemon peel] not deceptive in part because label disclosed amount of vitamin E and product contained "an accurate full ingredient list"); *Barreto*, 2021 WL 76331, at *3 (ingredient list resolves any potential confusion regarding the product's ingredients); *Sarr*, 2020 WL 729883, at *4 (clarification by the ingredient list of any potentially ambiguous representation resolves any deception); *Workman v. Plum Inc.*, 141 F. Supp. 3d 1032, 1036 (N.D. Cal. 2015) (no consumer deception where front label featured one, and not all ingredients, but the ingredient list provided full information to the consumer regarding the product ingredients); *Manchouck v. Mondelēz Int'l Inc.*, 2013 WL 5400285, at *2 (N.D. Cal. Sept. 26, 2013) ("made with real fruit" did not

---

[6] *See also Dashnau v. Unilever Mfg. (US), Inc.*, 2021 WL 1163716, at *8 (S.D.N.Y. Mar. 26, 2021) (in "vanilla" case, claims dismissed because plaintiffs failed to adequately allege a material misrepresentation); *Cosgrove v. Or. Chai, Inc*., -- F. Supp. 3d --, 2021 WL 706227, at *12 (S.D.N.Y. Feb. 21, 2021) (dismissing complaint where "there is nothing to suggest the exclusive, or even predominant, use of vanilla beans as opposed to other sources"); *Twohig v. Shop-Rite Supermarkets, Inc.*, 2021 WL 518021, at *7 (S.D.N.Y. Feb. 11, 2021) (similar); *Harris v. Mondelēz Global LLC*, 2020 WL 4336390, at *3 (E.D.N.Y. July 28, 2020) (dismissing complaint and holding label "Always Made With Real Cocoa" is not misleading where product "contain[s] cocoa, along with other ingredients"); *Steele v. Wegmans Food Mkts, Inc.*, 472 F. Supp. 3d 47, 50 (S.D.N.Y. 2020) (dismissing complaint because reasonable consumer would not be deceived by "vanilla ice cream" label, since label correctly identifies the ice cream's taste); *Pichardo v. Only What You Need, Inc*., 2020 WL 6323775, at *3-4 (S.D.N.Y. Oct. 27, 2020) (applying Steele and dismissing "vanilla" flavor complaint); *Wynn et al. v. Topco Assocs., LLC*, 2021 WL 168541, at *3 (S.D.N.Y. Jan. 19, 2021) (detailing reasons for dismissal).

deceptively imply that product excluded processed pureed fruit); *Reyes*, 2019 WL 3409883, at *3 (alleged consumer confusion about what ingredients may be in a product is sufficiently dispelled by the ingredients label on the back of the package); *Davis v. Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 337 (E.D.N.Y. 2018) ("The ingredient lists . . . clarif[ies]" the precise ingredients in a product in order of predominance "in exactly the spot consumers are trained to look"); *see also Steele*, 472 F. Supp. 3d at 50 ("Those interested in the actual ingredients can read the list.").

### C.  Plaintiff's Tag-Along Claims Are Not Well Pleaded

Along with the GBL claims, plaintiff brings claims for negligent misrepresentation, breach of warranty, fraud, and unjust enrichment all based on the same defective theory of deception as the false advertising claim and suffer from their own additional flaws. For the same reasons identified above, those claims should also be dismissed. *See Barreto*, 2021 WL 76331, at *6 ("Because the Court has already determined that [Plaintiff] has failed to allege that the product's labeling would be likely to deceive or mislead a reasonable consumer, these causes of action are also dismissed for the reasons already stated."); *see also Axon v. Citrus World, Inc.*, 354 F. Supp. 3d 170, 184–85 (E.D.N.Y. 2018), *aff'd*, 813 F. App'x 701 (2d Cir. 2020). In addition, these claims independently suffer from additional defects that support dismissal.

#### 1.  The FAC Does Not State A Claim For Negligent Misrepresentation

A claim for negligent misrepresentation requires a "special or privity-like relationship" between the parties. *See Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 180 (2011); *Kimmell v. Schaefer*, 89 N.Y.2d 257, 263 (1996). Such relationships are generally found in direct, one-on-one transactions, typically involving professionals with special expertise such as lawyers, accountants, and fiduciaries. *Id*. at 263–64. The FAC lacks any allegation that such a

relationship exists between Pepperidge Farm and consumers. *Barreto*, 2021 WL 76331, at *7 (dismissing negligent misrepresentation claim). Accordingly, this claim should be dismissed.

### 2. The FAC Does Not State A Claim For Breach Of Implied Warranty

The FAC lacks any plausible theory of breach of implied warranty of merchantability because plaintiff cannot claim that the Golden Butter Crackers are "unfit to be consumed." *See Brumfield v. Trader Joe's Co.*, 2018 WL 4168956, at *3–4 (S.D.N.Y. Aug. 30, 2018). This is a requirement for such allegations against food products, as a breach of this implied warranty occurs only when a product is unfit "for the ordinary purposes for which such goods are used." UCC § 2-314(c). New York law demands only a "minimal level of quality," so that the goods are "fit for the ordinary purposes." *Caronia v. Phillip Morris USA, Inc.*, 715 F.3d 417, 433-34 (2d Cir. 2013) (quotation marks and citation omitted). Because plaintiff does not suggest that the Golden Butter Crackers are "unfit for . . . human consumption," the FAC fails to state claim under New York law. *Barreto*, 2021 WL 76331, at *7. New York also "requires . . . privity between the manufacturer and the plaintiff," which, again, the FAC fails to show. *Ebin v. Kangadis Food Inc.*, 2013 WL 6504547, at *6 (S.D.N.Y. Dec. 11, 2013); *Cosgrove*, 2021 WL 706227, at *16.

### 3. The FAC Does Not State A Claim For Breach Of MMWA

The MMWA does not apply to the claims alleged in the FAC. The MMWA defines a warranty as "a 'written affirmation' that a consumer product will be 'defect free or will meet a specified level of performance over a specified period of time.'" *Bowling v. Johnson & Johnson*, 65 F. Supp. 3d 371, 377–78 (S.D.N.Y. 2014) (quoting 15 U.S.C. § 2301(6)). Of course here there is no such written affirmation because a product name makes no affirmations of being "defect

11

free" or suitable to meet a specified level of performance over any specified period. *See In re Frito-Lay N. Am. Inc. All Nat. Litig.*, 2013 WL 4647512, at *17 (E.D.N.Y. Aug. 29, 2013).

### 4. The FAC Does Not State A Claim For Fraud

Fraud claims "must be pled with particularity" beyond that of normal civil claims. *See* Fed. R. Civ. P. 9(b); *Barreto*, 2021 WL 76331, at *8; *Schwartzco Enters. LLC v. TMH Mgmt., LLC*, 60 F. Supp. 3d 331, 344 (E.D.N.Y. 2014). The complaint must allege facts that "give rise to a strong inference of fraudulent intent." *Campaniello Imps. Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 663 (2d Cir. 1997). Plaintiff has alleged no specific facts that Pepperidge Farm "had both motive and opportunity to commit fraud" or facts that "constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Instead, as conceded in the FAC, the product declares the presence of vegetable oil right on the label. FAC at ¶ 11. Accordingly, this claim should be dismissed.

### 5. The FAC Does Not State A Claim For Unjust Enrichment

Plaintiff's unjust enrichment claim incorporates all of the other allegations in the FAC and is merely duplicative of her GBL claims. As it adds nothing to this case, the unjust enrichment claim should be dismissed. *See Reyes*, 2019 WL 3409883, at *5; *Weisblum*, 88 F. Supp. 3d at 296-97; *Bowring v. Sapporo U.S.A. Inc.*, 234 F. Supp. 3d 386, 392 (E.D.N.Y. 2017); *Barreto*, 2021 WL 706227, at *8.

### D. Plaintiff Lacks Standing To Sue For Injunctive Relief

Plaintiff knows that Golden Butter Crackers contain vegetable oil, and also knows where to look on the ingredient list to identify the vegetable oil. Accordingly, she cannot show an imminent risk of future injury. *See Berni v. Barilla S.p.A.*, 964 F.3d 141, 146-49 (2d Cir. 2020); *Barreto*, 2021 WL 76331, at *9 (a named plaintiff cannot rely on a past injury to satisfy her

standing requirement to seek injunctive relief). "[B]ecause a plaintiff in a false advertisement case has *necessarily* become aware of the alleged representations, 'there is no danger that they will again be deceived by them.'" *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 465 (S.D.N.Y. 2020) (internal citation omitted). Accordingly, plaintiff here is not entitled to injunctive relief.[7]

### E. The FAC Should Be Dismissed With Prejudice

Plaintiff already has had a full and fair opportunity to amend her complaint and still has not stated a claim. Moreover, during a May 6, 2021 Court conference, the Court offered plaintiff's counsel the opportunity to *again* amend her complaint, but plaintiff's counsel declined, stating that he was not aware of anything else that could be added to the FAC, plaintiff intended to stand on the FAC, and, therefore, the motion to dismiss the FAC should proceed. On this record, and based on plaintiff's admission that future amendment would be futile, dismissal with prejudice is warranted.

## IV. CONCLUSION

For all of the above-listed reasons, the first amended complaint should be dismissed with prejudice.

---

[7] Moreover, plaintiffs' argument that she would consider purchasing the products in the future if she could be sure that the labels were consistent with the product's components does not compel injunctive relief because such a future purchase would be entirely hypothetical, and there is no basis to believe that she would be deceived. *See Barreto*, 2021 WL 76331, at *9 (no threat of future injury where plaintiff claims she would purchase the product in the future if she could trust the label); *Hesse*, 463 F. Supp. 3d at 465-66.

Dated: May 28, 2021  Respectfully submitted,

*/s/ Dale J. Giali*
Dale J. Giali
Keri E Borders
MAYER BROWN LLP
350 South Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
Tel: (213) 229-9500
Email: dgiali@mayerbrown.com
         kborders@mayerbrown.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 28, 2021, the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT was electronically filed with the Clerk of the Court using the CM/ECF system and thereby served on the following counsel:

Spencer Sheehan
Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 409
Great Neck, NY 11021-3104
*spencer@spencersheehan.com*
*Counsel for Plaintiff*

Dated: May 28, 2021

*/s/ Dale J. Giali*