Sheehan & Associates, P.C.                          60 Cuttermill Road, Suite 409, Great Neck NY 11021-3104

spencer@spencersheehan.com                          tel. (516) 268-7080      fax (516) 234-7800

May 28, 2021

District Judge P. Kevin Castel
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

*[handwritten: While the filing of answer may impact a motion to dismiss on the failure to comply with the particularity requirements of Rule 9(b), it is not necessarily the case with other grounds asserted in a Rule 12(B)(6) motion.]*

Re:   1:20-cv-09012-PKC
      Kamara v. Pepperidge Farm, Inc.

Dear District Judge Castel:

This office represents the plaintiff. On May 6, 2021, the Court stayed discovery pending resolution on defendant's forthcoming motion to dismiss the First Amended Complaint ("FAC"). On May 28, 2021, defendant filed its motion to dismiss and simultaneously answered the FAC. ECF Nos. 28-30. In light of defendant's answering of the FAC, plaintiff requests the Court lift the stay of discovery, find defendant's motion to dismiss moot, and/or schedule a Rule 26(f) conference to commence discovery.

**I.    Defendant's Answer is in Contravention of Intent of Rule 12 and the Federal Rules**

Defendant will claim that even if the time to answer may have been tolled, there is nothing *requiring* it to refrain from answering. While the Federal Rules do not specifically prohibit a defendant from answering, their plain language support that conclusion.

Federal Rule of Civil Procedure 12(a) requires a defendant to serve an answer "within 21 days after being served with the summons and complaint." The time for serving an answer changes if a defendant serves a motion under Rule 12. In that case, "if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action . . . ." Fed. R. Civ. P. 12(a)(4)(A) ("Effect of a Motion.").

"Even if the motion fails, Rule 12(a)(4) provides that the defendant's time to answer will be extended until [14] days 'after notice of the court's action.'" *See* David D. Siegel, Federal Rules of Civil Procedure: Rules and Commentary, Rule 4, C4-9 ("Defendant's Motion Before Answering.") (2013); Advisory Committee Notes ("If a defendant files a motion to dismiss or other Rule 12(b) motion in lieu of an answer, these time periods normally would be not begin to run until that motion is resolved Rule 12 anticipates the defendant's use of its motion as an initial alternative to answering, altering the answering time accordingly.").

The question arises whether a Rule 12(b) motion to dismiss directed at only a *portion* of the complaint tolls the time for answering the *entire* complaint, or whether the movant must still respond to the portion of the complaint of which the motion was not directed. *See Gerlach v. Michigan Bell Tel. Co.*, 448 F. Supp. 1168, 1174 (E.D. Mich. 1978) ("F.R.C.P. 12 does not explicitly address the issue of whether the filing of a motion under F.R.C.P. 12(b) also alters the time within which the moving party must respond to claims in the complaint not addressed in the motion.").

*[handwritten: Application to strike answer is DENIED. Application to lift discovery stay is DENIED. Plaintiff is free to advance any argument concerning the answer in its response to the motion to dismiss. SO ORDERED. Castel, USDJ 6-3-21]*

The courts which addressed this issue and required an answer while only a partial motion to dismiss was pending are in the minority. *Gerlach*, 448 F. Supp. at 1174 (concluding that because "[s]eparate counts are, by definition, independent bases for a lawsuit . . . the parties are responsible to proceed with litigation on those counts which are not challenged by a motion under F.R.C.P. 12(b).").

"The weight of the limited authority on this point is to the effect that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion." 5B Charles Wright et al., Fed. Prac. & Proc. Civ. § 1346 (3d ed. 2019 update).

This is because "the minority approach would require duplicative sets of pleadings in the event that the Rule 12(b) motion is denied and cause confusion over the proper scope of discovery during the motion's pendency." *Id.* Defendant's position is even more legally unsound, because it did not serve a *partial* motion to dismiss.

## II.  Answers are Filed With Motions for Specific Reasons Not Implicated Here

The reasons an answer will be filed with, or in proximity to the filing of a motion to dismiss, are not applicable here. Defendant's motion seeks dismissal of the entire FAC, instead of only certain causes of action. Draft Minutes, Civil Rules Advisory Committee, November 5, 2015 at p. 39 ("some courts rule that the time to respond [file an answer] is suspended by Rule 12(a)(4) *only as to the parts of the complaint challenged by the motion*; an answer must be filed as to the remainder of the complaint.") (emphasis added).

The Committee noted that where an answer is filed prior to a decision on a *pre-answer motion*, it is because "some judges [ ] require a response to the parts of a pleading not addressed by the motion, even though the time to respond is suspended as to the parts addressed by the motion." *Id.* ("It is urged that it is better to suspend the time to respond as to the entire complaint.").

An answer also may be filed simultaneously with a motion to dismiss because failing to do so may preclude a defendant from asserting counterclaims or other defenses. This exception is not applicable here because no counterclaims or other, specific, statutory defenses, are asserted by defendant.

### A.    Majority Rule Recognizes Relationship between a Rule 12 Motion and an Answer

The "majority rule among courts in the Second Circuit [is] that the filing of any motion under Rule 12 postpones a defendant's time to answer." *Dekom v. New York*, No. 12-cv-1318 (JS), 2013 WL 3095010, at *5 (E.D.N.Y. June 18, 2013); *In re Am. Express Anti-Steering Rules Antitrust Litig.*, 343 F. Supp. 3d 94, 98 (E.D.N.Y. 2018) ("Federal Rule of Civil Procedure 12(a)(4) provides that service of a Rule 12 motion suspends the movant's time to file a responsive pleading until fourteen days after the court issues a decision on the motion."); *Ricciuti v. New York City Transit Auth.*, No. 90-cv-2823 (CSH), 1991 WL 221110, at *2 (S.D.N.Y. Oct. 3, 1991) ("Any motion, particularly when the motion addresses a significant portion of the complaint (as in the present case), will suspend the time to answer any claim. As a matter of policy and judicial

2

economy such a conclusion is required."); *Alex. Brown & Sons Inc. v. Marine Midland Banks, Inc.*, No. 96-cv-2549 (RWS), 1997 WL 97837, at *7 (S.D.N.Y. Mar. 6, 1997) (declining to follow minority rule of *Gerlach*); *see also* C. Wright & A. Miller, 5A Federal Practice & Procedure § 1346 (stating the view that "a partial Rule 12(b) motion expands the time for answering the entire pleading....").

B.    Answers are Filed Simultaneously with "Pre-Answer" Motions to Avoid Default as to those Claims Not Subject to Dismissal

While defendant has not cited authority in support of its "strategic" answer, it can be expected it will rely on dicta from *Beary v. West Publ'g Co.*, 763 F.2d 66, 68 (2d Cir.1985) ("nothing in the rule prohibits the filing of a motion to dismiss with an answer and Fed. R. Civ. P. 56(b) expressly authorizes a party to file a motion for summary judgment 'at any time.'").

The filing of an answer is typically done where a defendant files a partial motion to dismiss and seeks to avoid an inadvertent default based on the claims it did not seek dismissal of. *See Cetenich v. Alden*, 177 F.R.D. 94, 95 (N.D.N.Y. 1998) ("A defendant avoids default by filing either an answer or a Rule 12 motion within twenty days of service of the complaint."); *Landman v. Borough of Bristol*, 896 F. Supp. 406, 409 (E.D. Pa. 1995) ("When filing an answer, a party may simply be seeking to avoid the risks of default.").

Here, Defendant did not seek to dismiss *some* of the claims in the FAC, but the entirety of the pleading. *See* Defendant's Notice of Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 29.

The cases citing *Beary* acknowledge its relevance *only* to circumstances unlike those present here. 763 F.2d at 68; *see Invamed, Inc. v. Barr Laboratories, Inc.*, 22 F. Supp. 2d 210, 216 (S.D.N.Y. 1998) (accepting argument based on *Beary* that an answer, filed simultaneously with a pre-answer motion, was only directed to the claims it was "not moving to dismiss."); *Hosain-Bhuiyan v. Barr Labs., Inc.*, No. 17-cv-114 (VB), 2017 WL 4122621, at *2 (S.D.N.Y. Sept. 14, 2017) (quoting *Beary* and permitting the simultaneous filing of an answer "to those portions of the complaint that were not subject to the motion to dismiss.").[1]

If a partial motion to dismiss "did not *suspend* a party's obligation to reply to additional claims, the result would be 'a procedural thicket' of piecemeal answers that would poorly serve judicial economy." *Gortat v. Capala Bros., Inc.*, 257 F.R.D. 353, 366 (E.D.N.Y. 2009) (emphasis added); *Ricciuti v. New York City Transit Auth.*, No. 90-cv-2823 (CSH), 1991 WL 221110, at *2 (S.D.N.Y. Oct. 3, 1991) (declining to require an answer during pendency of motion, noting "Thorny questions would arise as to how the case should proceed pending resolution of the motion...Had an answer been required in July of 1990 on those count(s) not addressed, both plaintiffs and defendants would have found themselves in a quagmire. Should discovery proceed ...? Such an approach is inefficient.").

The presumptive deadlines for completing fact discovery are keyed to the filing of an answer. Where a defendant files a motion to dismiss or other Rule 12(b) motion in lieu of an answer, these time periods would not begin to run until the motion is resolved. This is precisely what the Court ordered on May 5, 2021.

---

[1] *Bhuiyan v. Barr Labs., Inc.*, No. 17-cv-114 (VB), Dkt. 29, March 15, 2017 at p. 6.

Defendant may invoke *Brunig v. Clark*, where the court noted that defendants were "not obligated to wait to answer until the court ha[s] ruled on the motion [to dismiss]." 560 F.3d 292, 294 (5th Cir. 2009). However, before the district court, the defendant filed its motion to dismiss simultaneously with a motion to extend the time to answer. *Brunig v. Clark*, No. CV H-07-1644, 2007 WL 9712119, at *3 (S.D. Tex. Sept. 24, 2007); Defendant Clark's Motion to Dismiss Complaint, Dkt. No. 11, June 12, 2007; Defendant Clark's Motion for Extension of Time to File an Answer Dkt. No. 12, June 12, 2007 (citing its filed motion to dismiss and expectation that it would be successful in seeking to be relieved of duty to answer).

When the court failed to rule on defendant's request by July 13, 2007, defendant answered, *lest it be in default*. *Brunig v. Clark*, No. CV H-07-1644, Defendant Clark's Answer, Affirmative Defenses and Counterclaims, Dkt. No. 21, July 13, 2007. Likewise, in *Beary*, the defendant served its answer to prevent possible default given its pending motion for summary judgment.

### III. Defendant's Filing of an Answer Concedes the FAC Contains Plausible Facts

Through filing its motion to dismiss, defendant sought to, and was, relieved of its obligation to file an answer until such time as a decision on its motion to dismiss. Yet defendant's filing of its answer without such a decision on its motion renders its motion to dismiss moot. *Lockwood v. Beasley*, 211 F. App'x 873, 876 (11th Cir. 2006) (When an answer is filed prior to the resolution of a motion to dismiss, the motion to dismiss becomes moot); *Telebrands Corp. v. 1ByOne Prod. Inc.*, No. 17-cv-997-JFB-SRF, 2017 WL 5593785, at *2 (D. Del. Nov. 21, 2017) ("The very act of answering the complaint defeats the argument that the complaint is too thin to provide adequate notice of the claims and permit the defendant to respond in a meaningful way. Consequently, 1ByOne's motion to dismiss is denied as moot."). The Court should schedule a conference so the parties can proceed with discovery.

### IV. Conclusion

In sum, defendant cannot benefit by the Court's reasonable decision to stay discovery, while also answering the pleading. Such a tactic is not in good faith, nor supported by rules or authority. Plaintiff requests that defendant's answer be disregarded, or in the alternative, lift the stay of discovery. Thank you.

Respectfully submitted,

/s/Spencer Sheehan

**Certificate of Service**

I certify that on May 28, 2021, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

| | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant 's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☒ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☐ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan